State v. Cunningham.

---

STATE OF MISSOURI, Respondent, v. LAFAYETTE CUNNINGHAM, Appellant.

St. Louis Court of Appeals, December 10, 1895.

Criminal Law: SALE OF WHISKY WITHOUT LICENSE: SUFFICIENCY OF EVIDENCE. In a prosecution for the sale of whisky without a license, the character of the article sold by the defendant is established by the testimony of a witness that he knew it to be what is called whisky by its taste, but that he had not analyzed it and had never been in a distillery.

*Appeal from the Knox Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED.

*George R. Balthrope* for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—The only complaint made by defendant on this appeal is that he was convicted on insufficient evidence. He was indicted for selling whisky

without a license, and claimed that the state failed to prove that the beverage sold by him was whisky.

The state's witness, who bought and drank the article in question, testified, among other things: "I know something that tastes like what they call whisky. I don't know it to be so. I never was in a distillery. I have never analyzed it." On cross-examination he was asked whether he knew that it was whisky or not, to which he replied "that he knew it like many others; that he never was in a distillery, but that people call it whisky, and that he knew by the taste of it that it was neither water nor wine nor beer, but that it might have been brandy."

This testimony was sufficient as tending to show that the article bought by the witness was what is commonly known as whisky. The court and jury had no reasonable doubt of it, nor have we. If the state were bound to show that intoxicating drinks sold for whisky correspond strictly in analysis with the commercial article known by that name, a conviction would become impossible. Ordinary frequenters of dramshops have neither the capacity to make a scientific analysis, nor do they take the time to make it before they drink the beverage. We are aware of no case where such an analysis was deemed essential to conviction.

Judgment affirmed. All concur.